1

2

**FILED**

3

MAR 23 2015

4

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 JAMES RICKLEFFS, | No. C 14-5133 LHK (PR) |
| 12    Plaintiff, | ORDER DISMISSING CASE WITH LEAVE TO AMEND |
| 13    v. | |
| 14 SENIOR DEPUTY WARD, | |
| 15    Defendant. | |

16

Plaintiff, a California state pretrial detainee proceeding *pro se*, filed a civil rights

17

complaint pursuant to 42 U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis

18

in a separate order.  For the reasons stated below, the court dismisses the complaint with leave to

19

amend.

20

**DISCUSSION**

21

A.    Standard of Review

22

A federal court must conduct a preliminary screening in any case in which a prisoner

23

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

24

28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

25

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

26

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §

27

1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

28

1 *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4 the alleged deprivation was committed by a person acting under the color of state law. *West v.*

5 *Atkins*, 487 U.S. 42, 48 (1988).

6 B.    Plaintiff's Claims

7       According to the complaint, on November 16, 2013, defendant Senior Deputy Ward

8 conducted a search of plaintiff's cell and a full strip search of plaintiff.  When plaintiff returned

9 to his cell, plaintiff discovered that his belongings had been scattered all over the cell, and

10 plaintiff was missing several confidential legal documents and personal items.  Plaintiff also

11 alleges that defendant then served plaintiff with an "RFD" form.  A review of plaintiff's attached

12 exhibits shows that RFD appears to stand for "Request for Discipline."  Plaintiff states that

13 defendant violated the jail polices by conducting the hearing by himself, and also violated

14 plaintiff's right to due process and a fair hearing.

15       As currently pled, plaintiff's complaint fails to state a claim for relief.

16       To the extent plaintiff is attempting to raise a due process claim regarding plaintiff's

17 missing property, the facts alleged do not support such a claim.  Ordinarily, due process of law

18 requires notice and an opportunity for some kind of hearing prior to the deprivation of a

19 significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19

20 (1978).  However, the intentional or negligent deprivation of property does not state a due

21 process claim under Section 1983 if the deprivation was unauthorized, and a meaningful post-

22 deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("we hold that

23 an unauthorized intentional deprivation of property by a state employee does not constitute a

24 violation of the procedural requirements of the Due Process Clause of the Fourteenth

25 Amendment if a meaningful postdeprivation remedy for the loss is available").  This is because

26 "[t]he state can [not] anticipate and control in advance the random and unauthorized intentional

27 conduct of its employees," making pre-deprivation procedures impracticable. *Id.*  Here, the

28 availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Rickleffs133dwla.wpd    2

1 because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128
2 (1990) (where state cannot foresee deprivation, a statutory provision for post-deprivation hearing
3 or common law tort remedy for erroneous deprivation satisfies due process). California state tort
4 law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813,
5 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Thus, to the extent plaintiff is
6 asserting a due process claim with respect to his missing or damaged property, it is DISMISSED
7 with prejudice.

8       With respect to plaintiff's procedural due process claim concerning his RFD violations,
9 plaintiff fails to demonstrate that he was deprived of a liberty interest. Deprivations that are
10 authorized by state law and are less severe or more closely related to the expected terms of
11 confinement may also amount to deprivations of a procedurally protected liberty interest,
12 provided that (1) state statutes or regulations narrowly restrict the power of prison officials to
13 impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in
14 question is one of "real substance." *See Sandin v. Conner*, 515 U.S. 472, 477-87(1995).
15 Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical
16 and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at
17 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487. Such
18 a hardship exists when conditions of confinement do not mirror those in other housing units, but
19 rather "works a major disruption" in the prisoner's environment. *Id.* at 486-87. Ordinarily,
20 placement in disciplinary segregation works no such disruption. *Id.* at 486.

21       Here, plaintiff's attached exhibits show that plaintiff was found guilty of two violations,
22 which resulted in temporary losses of commissary, losses of visits, disciplinary isolations, and a
23 loss of recreation. (Compl. at 11, 13.) As currently pled, the court cannot determine whether,
24 liberally construed, plaintiff has suffered from an atypical and significant hardship as a result of
25 the punishments imposed.

26       Moreover, even assuming that plaintiff can demonstrate a deprivation of his liberty
27 interest, it is unclear what procedural protections plaintiff did not receive. Under the Due
28 Process Clause, a prisoner is entitled to certain procedural protections when he is charged with a

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.14\Rickleffs133dwla.wpd     3

1   disciplinary violation. *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974). These protections

2   include a written notice at least twenty-four hours before the disciplinary hearing, an opportunity

3   to call witnesses and present documentary evidence, and a written statement by the fact-finder as

4   to the evidence relied upon and the reasons for the disciplinary action taken. *Id.* Here, plaintiff

5   does not allege that he was denied notice of the charges against him, or the opportunity to call

6   witnesses and present evidence at the trial. As such, the court finds that plaintiff fails to state a

7   Fourteenth Amendment due process claim as it relates to the punishments imposed upon him for

8   the RFD violations.

9       Plaintiff is granted leave to amend his complaint to cure the deficiencies described above

10   if he can do so in good faith. Specifically, plaintiff must allege facts which show that the

11   punishments imposed subjected him to an atypical and significant hardship in relation to the

12   ordinary incidents of prison life. Plaintiff must further allege facts specifying what procedural

13   protections he was denied.

**CONCLUSION**

15       For the foregoing reasons, the court hereby orders as follows:

16     1.    Plaintiff's complaint is DISMISSED with leave to amend.

17     2.    If plaintiff can cure the pleading deficiencies described above, he shall file an

18   AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended

19   complaint must include the caption and civil case number used in this order (C 14-5133 LHK

20   (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must

21   indicate which specific, named defendant(s) was involved in each cause of action, what each

22   defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.

23   Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an

24   amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that

25   demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an**

26   **amended complaint within thirty days and in accordance with this order will result in a**

27   **finding that further leave to amend would be futile, and this action will be dismissed.**

28     3.    Plaintiff is advised that an amended complaint supersedes the original complaint.

1  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

2  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*

4  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5      4.    It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

6  court informed of any change of address by filing a separate paper with the Clerk headed "Notice

7  of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to

8  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

9  of Civil Procedure 41(b).

10      IT IS SO ORDERED.

11  DATED: 3/23/2015

    *Lucy H. Koh*

12      LUCY H. KOH
    United States District Judge