**FILED**

SEP 2 1 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICKLEFFS, | No. C 14-5133 LHK (PR) |
| Plaintiff, | ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| v. | |
| SENIOR DEPUTY WARD, | |
| Defendant. | |

Plaintiff, a California state pretrial detainee proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court directs the clerk to send a waiver of service to defendant, and directs defendant to file a dispositive motion or notice regarding such motion.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.14\Rickleffs133srv.wpd

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

According to the amended complaint, on November 16, 2013, defendant Senior Deputy Ward conducted a search of plaintiff's cell. When plaintiff returned to his cell, plaintiff discovered that his belongings had been scattered all over the cell, and plaintiff was missing several confidential legal documents and personal items. The court previously determined that, to the extent plaintiff was raising a due process claim regarding the loss of his property, it was DISMISSED with prejudice.

Plaintiff also alleges that defendant served plaintiff with a "Request for Discipline" form, that alleged that plaintiff violated several jail rules and policies. Plaintiff states that defendant violated jail policies, and also violated plaintiff's right to due process and a fair hearing. According to the exhibits attached to plaintiff's amended complaint, plaintiff was found guilty of two infractions, and suffered temporary disciplinary isolation, loss of commissary, and loss of visits. Plaintiff also alleges that he was not afforded notice or an opportunity to be heard.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)). Disciplinary segregation as punishment for violation of jail rules and regulations cannot be imposed without due process, i.e., without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517,

1 | 523-26 (9th Cir. 1996).

2 |       Liberally construed, plaintiff has stated a cognizable claim that defendant violated his
3 | right to due process.

### CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto, and a copy of this order to **Senior Deputy Ward, #2025** at **San Francisco County Jail**. The clerk of the court shall also mail a courtesy copy of the amended complaint and a copy of this order to the City Attorney's Office, Litigation, Fox Plaza, 1390 Market Street, 6th Floor, San Francisco, CA 94102-5408. Additionally, the clerk shall mail a copy of this order to plaintiff.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if defendant had been served on the date that the waiver is filed, and defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendant is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **sixty (60) days** from the date the waivers are sent, defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the amended complaint.

1  Any motion for summary judgment shall be supported by adequate factual documentation
2  and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant
3  is advised that summary judgment cannot be granted, nor qualified immunity found, if
4  material facts are in dispute. If defendant is of the opinion that this case cannot be
5  resolved by summary judgment, he shall so inform the court prior to the date the summary
6  judgment motion is due.**

7  4. Plaintiff's opposition to the dispositive motion shall be filed with the court and
8  served on defendants no later than **twenty-eight (28) days** from the date defendant's motion is
9  filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and
10 *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must
11 come forward with evidence showing triable issues of material fact on every essential element of
12 his claim).

13 5. Defendant shall file a reply brief no later than **fourteen (14) days** after plaintiff's
14 opposition is filed.

15 6. The motion shall be deemed submitted as of the date the reply brief is due. No
16 hearing will be held on the motion unless the court so orders at a later date.

17 7. All communications by the plaintiff with the court must be served on defendant or
18 defendant's counsel, by mailing a true copy of the document to defendant or defendant's
19 counsel.

20 8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
21 No further court order is required before the parties may conduct discovery.

22 9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
23 and all parties informed of any change of address and must comply with the court's orders in a
24 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
25 pursuant to Federal Rule of Civil Procedure 41(b).

26 IT IS SO ORDERED.
27 DATED: 9/17/2015                         _____
                                            LUCY H. KOH
28                                          United States District Judge